JOHNSON, J.,
Concurring. — I agree with the majority’s conclusion that Commissioner Emma Castro was authorized to hear cases as a referee when she issued the minute order on December 2013, but I disagree with the majority’s analysis. The 2001 order cross-assigns each subordinate judicial officer (such as a commissioner) to exercise the powers and perform the duties of any other type of subordinate judicial officer (such as a referee), with the proviso that such cross-assignment is subject to the subordinate judicial officer being qualified and trained for the cross-assignment. The majority, however, glosses over any requirement of subsequent action by the court to verify that an individual commissioner is qualified to be cross-assigned, despite the court’s practice of issuing annual orders appointing named commissioners as referees. Further, the majority curiously discards as “irrelevant” the order assigning Commissioner Castro to preside in juvenile court and appointing her a temporary judge (of which we took judicial notice at the superior court’s request), and the order assigning cases to her for all purposes including trial. This reasoning effectively dispenses with the 2001 order’s requirement that a commissioner meet minimum qualification and training requirements before he or she may be appointed a referee. But the 2001 order and the statute it implements both explicitly require more, and, to quote Shakespeare, “there’s the rub.” (Hamlet, act III, scene 1.)
The timing of Commissioner Castro’s appointment as a referee arose when counsel for T.E., in supplemental briefing, asked us to take judicial notice of a January 14, 2013 order by Michael Nash, then the presiding judge of the juvenile court, entitled “ASSIGNMENT ORDER” and stating that commissioners previously assigned to sit as temporary judges “are also appointed to sit as referees,” effective January 1, 2013. (We took judicial notice of that order and of a number of other orders, as the majority describes.) Commissioner Castro was not among the names on the accompanying list of referees, as she was not assigned to juvenile court until May 1, 2013, as evidenced by a May 3, 2013 order by David S. Wesley, the presiding judge of the Los Angeles Superior Court, entitled “ASSIGNMENT OF COURT COMMISSIONER FOR THE YEAR 2013,” and assigning commissioners, including *590 Commissioner Castro, to preside in juvenile court as temporary judges effective May 1, 2013. Commissioner Castro was named as a referee in Presiding Judge Nash’s January 2, 2014 “ASSIGNMENT ORDER” (of which we took judicial notice on our own motion) using the same language as the January 2013 assignment order, and appointing Commissioner Castro as a referee effective January 1, 2014 — after she made the orders in this case in December 2013. The Los Angeles County Department of Children and Family Services declined to stipulate expressly or impliedly to any commissioner hearing the proceedings in the capacity of a temporary judge. “A court commissioner is a ‘different and separate statutory creature’ from a juvenile court referee.” (In re Courtney H. (1995) 38 Cal.App.4th 1221, 1224 [45 Cal.Rptr.2d 560].) “ ‘The Juvenile Court Law makes no provision for the use of commissioners in juvenile court.’ (In re Mark L. (1983) 34 Cal.3d 171, 176, fn. 4 [193 Cal.Rptr. 165, 666 P.2d 22] . . . .)” (Id. at p. 1226.) If Commissioner Castro was not a referee, she had no authority to make the orders.
The majority relies entirely on the 2001 order by James Bascue, then the presiding judge of the superior court, which states that until further order all subordinate judicial officers are cross-assigned to perform all the duties of any other type of subordinate judicial officer, but only “if the person cross-assigned satisfies the minimum qualifications and training requirements for the new assignment established by the Judicial Council pursuant to Government Code section 71622, subdivision (c).” The 2001 order also requires that “prior to the implementation of this order as to any particular subordinate judicial officer,” the executive officer or clerk of the court shall verify “that the person meets the minimum qualifications and training requirements for the new assignment established by the Judicial Council.” This language echoes the referenced statute, Government Code section 71622, subdivision (d), which states: “The presiding judge of a superior court may cross-assign one type of subordinate judicial officer to exercise all the powers and perform all the duties authorized by law to be performed by another type of subordinate judicial officer, but only if the person cross-assigned satisfies the minimum qualifications and training requirements for the new assignment . . . .” (Italics added.) Both the statute and the 2001 order require that before cross-assignment, a subordinate judicial officer meet minimum qualification and training requirements, and both mandate verification by the court that those requirements are met. I conclude that the January 2013 and January 2014 assignment orders, which state that they are “pursuant to the authority delegated to the Presiding Judge of the Juvenile Court by the Presiding Judge of the Superior Court,” implement the 2001 order and satisfy Government Code section 71622, subdivision (d)’s requirement that the court verify that the named commissioners, who were previously assigned as temporary judges in juvenile court, have satisfied the qualification and training requirements to *591 sit as referees. Had Commissioner Castro been specifically named as a referee in an order like these annual orders before she presided over T.E.’s case, there would be no issue regarding her authority.
The majority acknowledges that a 2003 amendment to Government Code section 71622, subdivision (b) specifically allows the superior court to delegate the authority to appoint a subordinate judicial officer, but the majority ignores the specific language in the January 2013 and January 2014 annual orders acknowledging that such delegation took place, thus casting doubt on whether the presiding judge of the juvenile court had the authority to issue the annual orders appointing commissioners as referees. Notably, the superior court does not make that argument, and it is not supported by the record. It is not material whether the delegation of authority was absolute. I trust the language of the orders to demonstrate that the delegation was sufficient to make the January 2013 and January 2014 annual orders effective appointments of commissioners as juvenile court referees. Both of those orders by Judge Nash state that the commissioners appointed as referees had previously been assigned by order of the presiding judge of the superior court to sit in juvenile assignments as temporary judges, and we also took judicial notice of those previous orders. The January 2013 and January 2014 annual orders demonstrate that there is a difference between assigning a commissioner to juvenile court as a temporary judge and appointing a commissioner as a referee, and that those two events do not follow automatically or occur simultaneously. They also demonstrate that the court did not consider that the 2001 order alone was sufficient to appoint every commissioner as a referee. As I explained above, this is consistent with the statute’s requirement and the order’s language requiring verification of further training and qualifications.
The majority dispenses with any requirement of a record that the court has verified that a commissioner be qualified as required by Government Code section 71622, subdivision (d) before he or she is cross-assigned as a referee by asserting that no one claims that Commissioner Castro was unqualified at the time she issued the orders. But TJB.’s claim is that Commissioner Castro lacked a specific appointment as a referee — a fact that the parties do not dispute. It is not T.E.’s or any other party’s burden to ask whether the court has verified that a commissioner is qualified to sit as a referee: the 2001 order requires that the executive officer or clerk of the court shall verify that the commissioner meets the minimum qualifications and training requirements. The annual orders appointing commissioners as referees provide the public with the assurance that the court has verified that juvenile court referees have the training and the qualifications necessary to make orders in dependency court that as commissioners they had no authority to make.
The superior court’s brief is silent regarding the verification that Commissioner Castro met the requirements. It states, however, both that it is the *592 presiding judge of the juvenile court’s practice to appoint commissioners as referees at the beginning of each year, and that it was “through inadvertence” that Commissioner Castro was not so appointed when she was assigned to juvenile court on May 1, 2013. Further, the brief states that the cross-assignment as a referee took place when she was assigned to hear juvenile matters. I accept that statement as a representation that Commissioner Castro met the minimum qualification and training requirements to be a referee when she was assigned to the Juvenile Court pursuant to the May 2013 order. A subsequent order in November 2013 by Presiding Judge of the Juvenile Court Michael Nash (of which we took judicial notice at the request of the Los Angeles County Department of Children and Family Services), entitled “ ‘ALL PURPOSE’ ASSIGNMENTS IN THE DEPENDENCY COURTS,” assigned cases “to the judicial officers regularly presiding in such departments for all purposes including trial” and included Commissioner Castro, effective June 4, 2013. The November 2013 order assigning cases to her for all purposes further evidences that at the time of the December 2013 orders in this case, Commissioner Castro was fully qualified to be appointed as a referee. The 2001 order cross-assigned Commissioner Castro as a referee, subject to a requirement that her training and qualifications be verified. The May 2013 and November 2013 orders (which the majority describes as irrelevant) constitute that verification, especially in light of the superior court’s representation that the absence of a specific order appointing Commissioner Castro as a referee when she was assigned to juvenile court in May 2013 was a court oversight. Importantly, I do not conclude that the May 2013 and November 2013 orders appointed Commissioner Castro as a referee. I simply believe that those orders evidence a verification by the respective issuing presiding judges that Commissioner Castro had fulfilled her training and qualification requirements.
Clarity and certainty, as well as the interests of the public and the litigants (and the conservation of appellate judicial resources) would have been far better served had the court followed its practice of issuing a timely and specific appointment order naming Commissioner Castro as a referee. The general rule is that “absent a specific appointment as a referee, she is a commissioner or a temporary judge, depending on whether she meets the statutory requirement of obtaining stipulation of the parties litigant.” (In re Courtney H., supra, 38 Cal.App.4th at p. 1225.) In Courtney H., however, the court reached this conclusion because there was no specific appointment order naming the commissioner as a referee, and there was “no ambiguity on [the] face [of the order] and ... no reflection of any intent to the contrary.” (Id. at p. 1226.) In this case, the 2001 order reflects the superior court’s intent that a commissioner be cross-assigned as a referee when he or she meets the minimum training and qualification requirements, and the subsequent orders serve to verify that Commissioner Castro met those requirements. The *593 majority’s diminishment of the requirement that a commissioner be qualified and trained before cross-assignment as a referee (and that the court verify the qualifications and training) is unnecessary to the disposition of this particular case and is in conflict with the order, the statute, and the record in this case.
A petition for a rehearing was denied February 19, 2015, and appellant’s petition for review by the Supreme Court was denied April 15, 2015, S224754.